FILED
CLERK, U.S. DISTRICT COURT

08/04/2021

CENTRAL DISTRICT OF CALIFORNIA
BY: ___AP___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

April 2021 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>ROYCE ROCCO LANZISERA,<br><br>　　　　Defendant. | ED CR No. 5:21-cr-00171-JGB<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 922(o)(1): Possession of Machineguns; 26 U.S.C. § 5861(d): Possession of Unregistered Firearms; 18 U.S.C. § 924(d)(1), 26 U.S.C. § 5872, and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 922(o)(1)]

On or about March 31, 2021, in San Bernardino County, within the Central District of California, defendant ROYCE ROCCO LANZISERA knowingly possessed the following machineguns, as defined in Title 18, United States Code, Section 921(a)(23), and Title 26, United States Code, Section 5845(b), each of which defendant LANZISERA knew to be a machinegun:

　　(1)　an Uzi-type, 9mm Luger caliber machinegun, bearing no
　　　　　manufacturer marks or serial number;

(2) an Uzi-type, 9mm Luger caliber machinegun, bearing serial number NL97508; and

(3) an Israel Military Industries, Uzi Model B, 9mm machinegun, bearing serial number SA62145.

COUNTS TWO THROUGH EIGHT

[26 U.S.C. § 5861(d)]

On or about March 31, 2021, in San Bernardino County, within the Central District of California, defendant ROYCE ROCCO LANZISERA knowingly possessed the following firearms, each of which defendant LANZISERA knew to be a firearm and a silencer, as defined in Title 26, United States Code, Section 5845(a)(7) and Title 18, United States Code, Section 921(a)(24), and each of which had not been registered to defendant LANZISERA in the National Firearms Registration and Transfer Record, as required by Chapter 53, Title 26, United States Code:

| COUNT | FIREARM |
|---|---|
| TWO | A black silencer consisting of a metal cylindrical device approximately 5 and 7/8 inches in length and with an outside diameter of approximately 1 and 5/16 inches at its major diameter |
| THREE | A silver silencer consisting of a metal cylindrical device approximately 5 and 15/16 inches in length and with an outside diameter of approximately 1 inch at its major diameter |
| FOUR | A black silencer consisting of a metal cylindrical device approximately 5 and 15/16 inches in length and with an outside diameter of approximately 1 inch at its major diameter |
| FIVE | A black silencer with silver cap consisting of a metal cylindrical device approximately 5 and 15/16 inches in length and with an outside diameter of approximately 1 inch at its major diameter |
| SIX | A black silencer consisting of a metal cylindrical device approximately 7 and 7/8 inches in length and with an outside diameter of approximately 1 and 3/8 inches at its major diameter |

| COUNT | FIREARM |
|-------|---------|
| SEVEN | A black silencer consisting of a metal cylindrical device approximately 7 and 3/4 inches in length and with an outside diameter of approximately 1 and 3/8 inches at its major diameter |
| EIGHT | A black silencer consisting of a metal cylindrical device approximately 7 and 3/8 inches in length and with an outside diameter of approximately 1 and 7/16 inches at its major diameter |

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count One of this Indictment.

2.  The defendant, if so convicted, shall forfeit to the United States of America the following:

    (a)  All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

    (b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.


FORFEITURE ALLEGATION TWO

[26 U.S.C. § 5872, and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 26, United States Code, Section 5872 and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of any of the offenses set forth in Counts Two through Eight of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

    (a) All right, title, and interest in any firearm involved in any such offense; and

    (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//
//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
_____
Foreperson

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

SEAN D. PETERSON
Assistant United States Attorney
Acting Chief
Riverside Branch Office

PETER DAHLQUIST
Assistant United States Attorney
Riverside Branch Office